IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






WR-69,623-01





EX PARTE MICHAEL RAY KELLEY, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W06-86901-I(A) IN THE CRIMINAL DISTRICT


COURT NUMBER TWO FROM DALLAS COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a
habitation and sentenced to ten years' imprisonment.

 Applicant contends that he is being improperly classified as ineligible for mandatory
supervision. Applicant has alleged facts that, if true, might entitle him to relief. In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for making findings of fact.

 The trial court may use any means set out in Tex. Code Crim. Proc. Art. 11.07, § 3(d), in
that it shall order the Texas Department of Criminal Justice's Office of General Counsel to obtain
affidavits setting out whether Applicant is eligible for mandatory supervision and, if not, detailing
the reason for such classification.

 The trial court may also order depositions, interrogatories or a hearing. In the appropriate
case, the trial court may rely on its personal recollection. Id. If the trial court elects to hold a
hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. 
Tex. C ode Crim. Proc. Art. 26.04.

 The trial court shall make findings of fact as to whether Applicant is classified as ineligible
for mandatory supervision and, if so, the reason for that classification. The trial court shall also
make findings as to whether Applicant's current or prior burglary convictions are for entry with
intent to commit or committing any felony other than theft, or has any other prior conviction which
would not be eligible for mandatory supervision under current law. The trial court shall also make
any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: April 23, 2008

Do not publish